UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>                Plaintiff,<br><br>   v.<br><br>T. WALKER, and KITSAP COUNTY SHERRIFF'S DEPARTMENT ,<br><br>                Defendant. | CASE NO. 3:24-cv-05634-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On July 29, 2024, Plaintiff, Danny Joe Barber, III, filed a prisoner § 1983 complaint alleging Defendants T. Walker, a corrections officer and the Kitsap County Jail failed to preserve Plaintiff's property and also denied him a proper grievance process. Dkts. 1-1, 8. The Court must review complaints filed by detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court has reviewed the complaint and recommends it be DISMISSED with prejudice for the reasons below. Leave to amend should be denied because no amendment would cure the barriers to relief currently, and thus amendment would be futile. *See Lucas v. Dep't of*

REPORT AND RECOMMENDATION - 1

1  *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (the Court may deny leave to amend

2  if "it is absolutely clear that no amendment can cure the defect.").

### DISCUSSION

#### A.    The Complaint

The Complaint alleges "4th Amdt. deprivation to secure evidence and denial of proper grievance process."  *See* Complaint, Dkt. 8 at 3. Specifically, Plaintiff alleges:

> T. Walker destroyed evidence that was deframental to my civil suit KCO is violating my civil rights Month of June 2024, Kitsap County Jail noon on the month of June. Mental anguish incurred by T. Walker witnesses by officer Davenport & witnessed by all of C-pod @ lunch when I repeatedly stated T. Walker was destroying evidence for my case. Headache, anxiety and night terrors due to this situation I'm receiving mental health treatment now on RX. I am requesting $800 K for the damages to my health and wellbeing.

*Id.* at 4-5.

#### B.    Legal Standards

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named defendants caused or

personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

### C. Deprivation of Property Claims

Plaintiff alleges his rights were violated because Defendant Walker destroyed his property. However, where a prisoner alleges deprivation of property by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where an adequate state post-deprivation remedy exists. *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (negligent loss of prisoner's hobby kit), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

The Ninth Circuit has specifically held that an adequate post-deprivation remedy for confiscated property is available in the State of Washington through, for example, the Washington State Tort Claims Act, R.C.W. § 4.92.090. *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989). Similarly, under Washington law, "all local governmental entities ... shall be liable for damages arising out of their tortious conduct." R.C.W § 4.96.010. As plaintiff has an adequate Washington post-deprivation remedy for the alleged wrongful taking of his property his § 1983 complaint fails and should be dismissed with prejudice.

//

REPORT AND RECOMMENDATION - 3

### D. Physical Harm Requirement

Plaintiff's complaint alleges the deprivation of his property has caused him emotional harm for which he is now receiving mental health treatment. There are no allegations that Defendants physically harmed him in any way and thus the complaint fails to set forth sufficient facts to obtain the remedy sought – money damages for emotional harms. This conclusion flows from the fact that the Prison Litigation Reform Act requires an incarcerated plaintiff (whether already convicted or a pretrial detainee) to prove a "physical injury" as a condition of recovering compensatory damages for mental or emotional harms. 42 U.S.C. § 1997e(e).

### E. Grievance Procedures

Plaintiff also alleges a "denial of proper grievance process." Dkt. 8 at 6. He also avers he "wrote over a dozen grievances & requests. Was unable to proceed through the grievance process." *Id* at 7. Prisoners lack a separate constitutional entitlement to a specific prison grievance procedure, and hence Defendant's handling of the grievances that plaintiff submitted fails to state a claim upon which relief may be granted. *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *see also Ewalan v. St. Germain*, No. 22-36005, 2024 WL 3325533 (9th Cir. 2024) ("Summary judgment was proper for defendant Dahne on the claim alleging deficiencies in the grievance process because 'inmates lack a separate constitutional entitlement to a specific prison grievance procedure.'"). Accordingly, plaintiff's allegations regarding the grievances he submitted to Defendants and lack of a "proper procedure" do not state a claim upon which relief may be granted and should be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 20, 2024.** The Clerk shall note the matter for **September 27, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 6th day of September, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge